See also the preceding case.

## Sensinger, Appellant, *v.* Boyer.

[Marked to be reported.]

*Estoppel—Trespass—Wrongful levy—Revival—Judgment de terris.*

If the party who seeks protection by setting up an estoppel has not been misled he is not entitled to the benefit of the doctrine.

Defendant was the judgment creditor of Snyder. The judgment was a lien upon a farm sold by Snyder to plaintiff. Before the lien expired the parties came together and revived it by an amicable scire facias signed by plaintiff who was terre-tenant, Snyder, and defendant. Defendant subsequently caused a writ of fieri facias to issue, and the sheriff levied upon all of plaintiff's property. Plaintiff, in ignorance of the fact that the judgment bound only the land conveyed to him by Snyder, and acting under the belief that the sheriff could lawfully levy upon his goods, claimed the benefit of the exemption laws. Goods to the value of $300 were set apart to him, and the remainder were sold by the sheriff. At the sale, plaintiff, still acting in ignorance of his rights, bid or induced his friends to bid on some articles and became the purchaser of them. *Held,* that there was nothing in plaintiff's conduct to estop him from recovering the value of the goods in an action of trespass for the wrongful levy.

*Measure of damages—Wrongful levy.*

In the above case, the measure of damages as to such articles as were bought by plaintiff was not their value, but the loss he sustained in buying them.

Argued Feb. 15, 1893.  Appeal, No. 260, Jan. T., 1893, by plaintiff, Howard Sensinger, from judgment of C. P. Lehigh Co., Nov. T., 1890, No. 13, in favor of defendant, on case tried by the court without a jury.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

Trespass for wrongful levy and sale, tried by the court without jury.

The facts appear by the opinion of the Supreme Court.

The am. sci. fa. agreed " that judgment be entered in favor of plaintiff and against defendant above named; that the above stated judgment be revived, and continue a lien on defendant's real estate for another period of five years," etc.  Sensinger was named as terre-tenant.  The court found that Sensinger owed the debt, as part of the purchase money.

Plaintiff's points were as follows:

1. Request for binding instructions.  Refused. [1]

" 2. There was no personal judgment held by the defendant against the plaintiff, and consequently the goods and chattels of the plaintiff could not have been levied upon under the judgment in evidence.  As the defendant caused a general fi. fa. to be issued on his judgment, and caused the goods and chattels of the plaintiff to be sold by the sheriff, he is a trespasser, and liable to damages in this action."  Refused. [2]

The court, ALBRIGHT, P. J., found in part as follows:

" I think the plaintiff is estopped from asserting that his goods were wrongfully sold by the defendant.  He assented to a sale of his goods in part satisfaction of a debt he owed, and which he ought to have paid before the execution was issued.  Repudiation of this action would result in serious injury to Boyer." [3]

Judgment was entered for defendant.  Plaintiff appealed.

*Errors assigned* were (1, 2) instructions; (3) above finding; quoting them; (4) in not entering judgment for plaintiff.

*Edward Harvey, E. J. Lichtenwalner* with him, for appellant.—Plaintiff took the land subject to the judgment, but that

did not make it his personal debt: Edward's Ap., 66 Pa. 89 : 1 Trickett on Liens, p. 273; Haskins v. Low, 17 Pa. 66; Judson v. Lyle, 8 Phila. 98.

All who participated in the alleged act of ordering, directing and executing the process were trespassers: 2 Waterman on Trespass, 24, 25; Ross v. Fuller, 12 Vt. 265; Coats v. Darby, 2 N. Y. 517; Allison v. Rheam, 3 S. & R. 139; Deal v. Bogue, 20 Pa. 228; McMurtrie v. Stewart, 21 Pa. 322; 4 Coke's Inst. 317.

A mutual mistake as to the law, which is equally open to both parties, cannot raise an estoppel: Plumer's Ap., 11 W. N. 144. One party is not estopped by declarations by which the other party was misled and upon which he did not rely: McKnight v. Bell, 135 Pa. 358; Heller's Ap., 116 Pa. 534; Linnard's Ap., 21 W. N. 40; Herman on Estoppel, 341; Wright's Ap., 99 Pa. 432; Eldred v. Hazlett, 33 Pa. 307; Ormsby v. Ihmsen, 34 Pa. 462; Water's Ap., 35 Pa. 523; Washabaugh v. Entriken, 36 Pa. 513; Ream v. Harnish, 45 Pa. 376; Sunderlin v. Struthers, 47 Pa. 411; Helser v. McGrath, 52 Pa. 531; McKerrahan v. Crawford, 59 Pa. 390; Reel v. Elder, 62 Pa. 308; Rhodes v. Childs, 64 Pa. 18.

The acts of a party, done in ignorance of his rights, will not operate as an estoppel, unless others have acquired rights on the faith of them: Newman v. Edwards, 34 Pa. 32; Duncan's Ap., 43 Pa. 67; Harlan v. Harlan, 15 Pa. 507; Edelman v. Yeakel, 27 Pa. 26; Burt v. Smith, 3 Phila. 363.

Where the representation was not meant to bring about the sale, it cannot be said that the sale was the result of the representation: Herman on Estoppel, 247; Freeman v. Cooke, 2 Exch. 653; Heane v. Rogers, 9 B. &. C. 576; Bigelow on Estoppel, 437; McLaughlin v. Shield, 12 Pa. 283: Ingram v. Hartz, 48 Pa. 380. When the writ is void and confers no power whatever upon the officer, there is no estoppel: Herman on Execution, 370: Bennett v. Gamble, 1 Tex. 124; Howe v. Blanden, 21 Vt. 315: Geoghegan v. Ditto, 2 Metc. (Ky.) 433.

*R. E. Wright, C. J. Erdman* with him, for appellee.—It is by no means clear that the so-called "revival" of May 31, 1888, did not create a personal judgment against Sensinger. It is agreed that "judgment" shall be entered in favor of the plaintiff and against the "defendant" or "defendants."

The levy and sale having taken place without objection by appellant, but by his acquiescence, if not by his request, being encouraged and participated in by him, he having used the proceeding as the vehicle to perfect in himself the title to $300 worth of property claimed by him under the exemption laws, he is estopped: Duff v. Wynkoop, 74 Pa. 300; Smith & Wife v. Warden & Alexander, 19 Pa. 424; Woodward v. Tudor, 81* Pa. 382 : Decker v. Eisenhauer, 1 P. & W. 476 ; Wilkins v. Anderson, 11 Pa. 399. One who assists as appraiser in the sale of property by another, standing by and seeing the price paid and possession taken, is estopped from subsequently asserting any title to the same : Steffee v. Kerr, 2 Woodward, 175.

One who accepts goods at an appraisement, with acknowledgment of the misconduct of the appraiser, is estopped from afterwards alleging such misconduct as a defence to a suit for the price of goods : Garis v. Hopkins, 2 L. V. Reptr. 279.

If the plaintiff in an execution represents to the purchaser, at the time of sale, that certain land is included in the levy, he will be estopped from subsequently contesting it : Buchanan v. Moore, 13 S. & R. 304.

A party will be estopped from taking advantage of action in which he has acquiesced for his own benefit : McCully v. Pittsburgh & Connellsville R. R., 32 Pa. 25. And see Guiterman v. Landis, 1 W. N. 622.

If land be sold by the sheriff as the property of A, and the person in possession stands by, knowing that he is represented as the tenant of A, and does not contradict it, he is estopped from contesting the title of A with the purchaser : Covert v. Irwin, 3 S. & R. 283 ; Keeler v. Vanfuyle, 6 Pa. 250.

If a defendant permit a sheriff's sale to proceed, knowing that the judgment has been paid, he will be estopped from contesting the title of an innocent purchaser in a proceeding to obtain possession : Dean v. Connelly, 6 Pa. 239.

If a lien creditor assent to the sale of fixtures, as personalty, he is estopped from contesting the title of the purchaser. Harlan v. Harlan, 20 Pa. 303.

One who stands by, and encourages a sale of land, in which he has an equitable interest, will be estopped from setting it up against the purchaser : Workman v. Guthrie, 29 Pa. 495.

OPINION BY MR. JUSTICE WILLIAMS, March 27, 1893 :

The question raised on this record is one of estoppel. Is the plaintiff in the action estopped from alleging his own title to the goods seized and sold by the sheriff? The learned trial judge held that he was, and the correctness of his ruling on this subject presents the only point for consideration. There is no doubt about the general principle on which the doctrine of estoppel rests. Having induced action by another on a belief in a given state of facts, it is unjust to permit him who induced the action to deny the facts and strip the action of the protection which they would have afforded. But one who has not been misled cannot invoke this doctrine in his behalf. The rule is stated in McKnight v. Bell, 135 Pa. 358. If the party who seeks protection by setting up an estoppel has not been misled he is not entitled to the benefit of the doctrine. The rule is that one shall be estopped from alleging the truth, only when his falsehood or his silence has induced action by the other party that would lead to loss except for the estoppel: Musser v. Oliver, 21 Pa. 362; Ayres v. Watson, 57 Pa. 360; Reed v. Elder, 62 Pa. 308. It remains to apply this rule to the facts of this case.

The case was tried without the aid of a jury and the facts are distinctly, and we have no doubt correctly, found by the learned trial judge, and are easily stated. Boyer was a judgment creditor of Snyder. The judgment was a lien upon a farm sold by Snyder to Sensinger. Before the lien expired the parties came together and revived it by an amicable scire facias signed by the plaintiff Boyer, the defendant Snyder, and the terre tenant Sensinger. The judgment thus revived continued to be a personal judgment against the defendant, capable of enforcement against all his property, real and personal. Against. Sensinger, however, it was a judgment de terris, and could be enforced only against the land he had bought from Snyder that came to him bound by the lien. Upon this judgment Boyer caused a writ of fieri facias to issue. The sheriff understanding that Sensinger was a co-defendant, levied on all his property. Sensinger, in ignorance of his rights and acting under the belief that the sheriff could lawfully seize and sell his goods, claimed the benefit of the exemption laws. Goods to the value of three hundred dollars were set out to him, and the remainder,

amounting in value to over four hundred dollars, were sold by the sheriff.  At this sale, still acting in ignorance of his rights, Sensinger bid or induced his friends to bid upon some articles, and became the purchaser of them.  The trespass in this case was the seizure or levy upon the goods.  We do not understand that the defendant was misled, by anything said or done by Sensinger, as to his legal right to cause the levy to be made.

After the seizure, and as the learned judge has distinctly found, in ignorance of his rights, he sought to save from the grasp of his creditor at least so much as the law allowed him to retain as exempt from levy and sale, and for this purpose made his claim.  This was an assertion of his title, if such an assertion was necessary, but the goods were seized by the sheriff as his, and his title is not in question.  The question is, were his goods liable to seizure for Snyder's debt?  Or, more accurately, could the plaintiff, whose judgment was de terris only, seize the personal goods of the terre tenant?  It is clear he could not.  The seizure was a trespass by the plaintiff, and in the officer, if his writ disclosed the fact that Sensinger was a terre tenant.  The plaintiff knew, he was bound to know, his relation to both Snyder and Sensinger.  On the other hand Sensinger was not bound to know his rights in the premises, and the learned judge has found as a fact that he did not know them.  When his goods were seized, therefore, instead of demanding their release he asked an appraisement.  This did not cause the levy.  After the appraisement was made the plaintiff proceeded to sell, and the ignorance of his rights on the part of Sensinger prevented his interference with the sale.  Boyer was the actor and bound to know what rights his judgment de terris gave him.  Sensinger was passive, because in ignorance of what he could do for his own protection.  Upon these facts it cannot be said that the levy and sale were induced by any word or act of Sensinger.  The levy was made in the ordinary way and proceeded with to appraisement and sale, with due diligence.  While this work was in progress Sensinger claimed the benefit of an appraisement and afterwards bid on a few articles at the sale ; but the claim of exemption came after the levy and the bidding was done at a sale then actually going on.  We see no fact in the findings of the learned judge that justifies his conclusion that the plaintiff in this action is

estopped from recovering the value of his goods. He did not demand the release of his property because he did not know that he could; but he did not invite or induce the seizure of his goods or their sale. He looked on in helpless ignorance, and did what he could to save something out of the wreck for his family, but he did nothing that makes it inequitable for him to assert his rights when he comes to know what they are.

The judgment is reversed, but a venire facias de novo must issue, since the measure of damages as to such articles as were bought by the plaintiff is not their value, but the loss he sustained in buying them. If he paid more than their value that is his folly and he can recover only what they are worth. If he paid less than their value he lost no more than he paid.