John H. Waters, Appellant, v. Anna Wolf, Executrix of Nicholas Wolf (Owner), and Thomas White (Contractor).

*Contract—Waiver—What constitutes an estoppel.*

Where a party to a contract or transaction induces another to act upon the reasonable belief that he will waive certain rights or terms he will be estopped to insist upon such rights or terms to the injury of the one misled by his conduct; but acts and declarations to bind as estoppel must have been acted upon.

*Waiver—Question of intent—Intent defined.*

Waiver is a question of intent, but by "intent" is meant not the secret understanding of the parties but their intention as indicated by their language and conduct.

An offer of evidence to establish a waiver was held insufficient which was as follows: That plaintiff was about to quit work under a subcontractor, the contractor being in default, and that he was induced to go on to completion by an assurance of the defendant, the owner, that he

" had reserved in cash and was holding back enough of the contract price to pay plaintiff and all other subcontractors in full and that the defendant would himself pay plaintiff for such work." *Held*, the alleged language does not indicate an intention to waive the stipulation of the contract against liens.

*Estoppel—Mechanic's lien—Question for jury.*

A building contract precluded a subcontractor from filing a lien; evidence was submitted on behalf of the subcontractor,—that upon claimant requesting payment from the owner it was suggested by him that claimant file a lien, but neither the offer nor the evidence going so far as to warrant the jury in finding that the suggestion by the owner antedated the filing of the lien thereby ranking as a declaration acted upon: *Held*, that these conditions did not disclose an estoppel nor warrant the submission of the question to the jury, who at best could only infer an essential fact from doubtful premises and uncertain testimony, whereas a presumption should always be based upon a fact and should be a reasonable and natural deduction from such fact. No presumption can with safety be drawn from a presumption.

Argued April 8, 1896. Appeal, No. 73, April T., 1896, by plaintiff, from judgment of C. P. No. 3, Allegheny County, November T., 1892, No. 164, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before KENNEDY, P. J., who gave binding instructions to the jury to find for the defendant.

Nicholas Wolf, owner of land in McKeesport, contracted with Thomas White for the erection of a building thereon.

White made a subcontract with John W. Waters, the plaintiff, for the stonework. Waters filed a lien for balance due him, and Wolf defended on the ground that the original building contract prohibited the filing of mechanics' liens. Waters took a rule for judgment for want of sufficient affidavit of defense, claiming that his lien was protected by the act of June 8, 1891 (P. L. 225), requiring the subcontractors to assent in writing to the stipulations of the building contract against liens, in order to be bound thereby. The rule was discharged and on appeal to the Supreme Court judgment was affirmed, see Waters v. Wolf, 162 Pa. 153 (1894), the act of 1891 being declared unconstitutional.

Thereupon Waters filed a supplemental statement of claim, averring acts of Wolf amounting to a waiver of the prohibition against liens. These acts were alleged to be:

202 WATERS, Appellant, *v.* WOLF.

Statement of Facts—Assignment of Errors. [2 Super. Ct.

1. Requests to complete work as per contract, on the occasion of plaintiff stopping on account of lack of payments by the contractor White. Also Wolf's assurance that he was holding back enough of the contract price to pay the subcontractors, and that he would pay plaintiff himself.

2. Request, after work was completed, for plaintiff to file his lien.

Wolf's executrix having in the meantime been substituted, no additional affidavit of defense was filed, and the case went to trial on plea of the general issue, to which was added at bar the plea of "res adjudicata." At the trial the court excluded plaintiff's offer to prove the acts of waiver by Wolf first above enumerated, and subsequently instructed the jury to find for the defendant. Judgment was entered on the verdict and from this judgment plaintiff appeals. White, the contractor, was served, but did not appear or take any part in the case.

*Errors assigned* were, (1) in excluding plaintiff's offer as follows:

Abraham Waters, a witness sworn in behalf of plaintiff, being on the stand, plaintiff's counsel made the following offer:

Counsel for plaintiff offer to prove by the witness on the stand that, at various times during the progress of the work, plaintiff ceased working at his said contract because the payments due him by Thomas White, the contractor, were in default, and that on these occasions Nicholas Wolf, the owner of the buildings, requested the plaintiff to continue and to complete his work in the manner set forth in plaintiff's contract with White, assuring plaintiff that he, Wolf, had reserved in cash, and was holding back enough of the contract price of said building to pay plaintiff in full, and to pay all the subcontractors, and that he, Wolf, would himself pay plaintiff for such work. That plaintiff continued his work, and completed the same at the express request of the owner of the building, and upon the faith of said covenant and assurance; this for the purpose of eliminating the contract against the filing of liens from the original building contract by showing a waiver thereof by the owner, Nicholas Wolf, made subsequent to the original building contract.

(2) In answer to plaintiff's point. The point and answer were as follows:

If the jury find from the evidence that Nicholas Wolf, the defendant and owner of the building upon which the lien in this case was filed, in a conversation with John W. Waters, the plaintiff and subcontractor for the erection of said building, after the completion of said building and before the period of filing liens was passed, requested the plaintiff to file his lien as subcontractor against the said building, in order that he, Wolf, might liquidate the amount due from the principal contractor and might hold the sureties of said contractor, and that, pursuant to such request, the plaintiff filed this lien, then there was a waiver by said owner of the provisions of the original contract that no liens should be filed, and the verdict should be for the plaintiff for the amount claimed by him and admitted in the pleadings, to wit, $413, with interest from May 7, 1892. *Answer:* Refused.

(3) Answer to defendant's point. The point and answer were as follows:

Under all the evidence, the verdict of the jury must be for the defendants. *Answer:* Gentlemen of the Jury: I deem it my duty in this case to give you what is called binding instructions, and that is, that under all the evidence in this case, your verdict will be for the defendant.

(4) In charging the jury as follows:

Gentlemen of the Jury: I deem it my duty in this case to give you what is called binding instructions, and that is, that under all the evidence in this case, your verdict will be for the defendant.

*Thomas Patterson*, with him *William A. Way*, for appellant. —He is estopped from setting up this defense: Morgan v. R. R., 96 U. S. 716 (1877); Dickerson v. Colgron, 100 U. S. 578 (1879); Sensinger v. Boyer, 153 Pa. 628.

*F. P. Iams*, with him *C. C. Brock*, for appellee.—It is perfectly clear that the plaintiff, after taking the chances of a decision in his favor in the Supreme Court, and subjecting the defendant to the risks of a decision against him, cannot raise any new issues of fact by a subsequent pleading: Act of April 18, 1874, sec. 2, P. L. 64; Titusville Iron Wks. v. Keystone Oil Co., 130 Pa. 211; Pennock v. Kennedy, 153 Pa. 579.

204    WATERS, Appellant, *v.* WOLF.

Arguments—Opinion of the Court.    [2 Super. Ct.

The writ of scire facias in this case is founded upon a mechanic's claim, which sets forth a certain original contract and a certain subcontract as its basis.    Without these contracts plaintiff is not entitled to recover in this action; he cannot, therefore, recover by showing termination of these contracts or their substantial modification without having first amended his claim: Sayers v. Kent, 1 Atl. 442; Fyan v. Cessna, 10 Atl. 29; Rynd v. Bakewell & Reed, 87 Pa. 460.

There is not the slightest evidence that plaintiff assented to Wolf's suggestion, there is not the slightest evidence that he acted on it; on the contrary, the record shows that the mechanic's claim was filed August 30, 1892.    There is no evidence that plaintiff was misled by Wolf's suggestion, or that he relied on it in the least particular: Kline v. McCandless, 139 Pa. 230; Sensinger v. Boyer, 153 Pa. 628.

OPINION BY RICE, P. J., July 16, 1896:

The sole defense to the scire facias upon this mechanic's lien is that the written contract between Nicholas Wolf, the owner, and Thomas White, the contractor, contained a stipulation that no mechanics' liens should be filed against the building.    The agreement will be found in the report of the same case when it was before the Supreme Court, on an appeal from a refusal to give judgment for want of a sufficient affidavit of defense: Waters v. Wolf, 162 Pa. 153.    In answer to this defense which is prima facie sufficient, the subcontractor, who is the claimant in the present case, sets up a parol waiver.    He alleges in his supplemental statement, and on the trial offered to show, that after the completion of the building he applied to the owner for payment of the balance due upon his contract; that the owner refused to pay then, but requested him to file a lien for the balance due, in order that he, the owner, might hold the bondsmen of White, the original contractor, and that pursuant to this request, the lien in this case was filed.    The language of this request or direction, as testified to by George Waters, was as follows: " My brother went to Mr. Wolf for the money, showing him an order, and Mr. Wolf said: John you had better file a lien against the building so that I can sue the bondsmen, and I will be able to pay you then."    The evidence does not show what reply, if any, the plaintiff made.    There was other conver-

sation which the witnesses did not hear or fail to recollect. If the owner made this request, and after that the plaintiff filed the lien, a jury might be warranted in inferring that he filed the lien in consequence of the request, and under a belief induced thereby that the stipulation of the contract would not be insisted on. But it is equally clear that without such a finding an element absolutely essential to an implied waiver would be lacking. Acts and declarations to bind as an estoppel must have been acted upon: Weaver v. Lynch, 25 Pa. 449; Kline v. McCandless, 139 Pa. 230; Sensinger v. Boyer, 153 Pa. 628, and cases therein cited: Skiles v. Sides, 1 Pa. Superior Ct. 15. The supposed waiver, if binding at all, operated by way of estoppel. Where a party to a contract or transaction induces another to act upon the reasonable belief that he will waive certain rights or terms, he will be estopped to insist upon such rights or terms to the injury of the one misled by his conduct: 7 Am. & Eng. Ency. of Law, 32. It is upon this principle, if at all, that the plaintiff was entitled to have the case submitted to the jury. Therefore, it was incumbent on him to show that the alleged request or direction was made before he filed the lien. Unless this essential fact was established by satisfactory proof there could be no presumption that the request induced in his mind a reasonable belief that the terms of the contract would not be insisted on, and misled him to his injury. No conclusion drawn from uncertain premises is reliable. The lien was filed August 30, 1892. George Waters testified that the conversation took place " about the beginning of September as near as I can remember." John Thomas, the other witness, did not fix the time except in this way. Being asked if he was present at a conversation between Waters and Wolf in the early part of September, 1892, he answered: " I was in company with Mr. Waters." Both refer to the same conversation, and it may be conceded that it took place about the time the lien was filed, but this is as definite a finding as the evidence would warrant if the question had been submitted to the jury. True, the witnesses could hardly be expected, after a lapse of three years, to fix the date more definitely, but that is no reason for permitting the jury to guess that it was before the lien was filed, when, if the purposes of the plaintiff's case required a finding that the conversation took place afterwards, the testimony—to say the

least—would quite as fully support that finding. The truth is, that, giving the witnesses entire credit for veracity, and viewing their testimony in the most favorable light, the time of the conversation, whether before or after the filing of the lien, is left in uncertainty. It may be said that the language of the request implies that a lien had not been filed. We do not think so. The language implies that the owner did not know that a lien had been filed, not that none had been filed. Furthermore, to leave it to the jury to infer the essential fact from doubtful premises and uncertain testimony, and then from that fact to infer that the request induced in the plaintiff's mind the reasonable belief that the terms of the contract would not be insisted on, would be contrary to well settled principles. A mere presumption that the lien had not then been filed because the owner requested the claimant to file it is not sufficient to base the other presumption, that the request induced the plaintiff's action and misled him. A presumption should always be based upon a fact, and should be a reasonable and natural deduction from such fact: Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431. "A fact being established, other facts may be and often are ascertained by just inference. Not so with a mere presumption of a fact; no presumption can with safety be drawn from a presumption; there being no fixed or ascertained fact from which an inference of fact might be drawn none is drawn:" Douglass v. Mitchell's Exrs., 35 Pa. 443. We are of opinion, therefore, that the court properly refused the plaintiff's point, because there was no certain evidence which, even if believed, would warrant a jury in finding that the lien was filed pursuant to the owner's request.

In considering the plaintiff's offer, the rejection of which is the subject of the first assignment of error, it is to be observed that it was not coupled with an offer to show that the lien was filed pursuant to the owner's request, and that no testimony to establish that fact had been given or offered at the time it was made; nor, as we have seen, was any competent or sufficient proof of that fact given afterwards. The offer must therefore be accepted or rejected upon its own merits.

It is to be observed also that the evidence was not offered for the purpose of showing an abrogation of the contract between Wolf and White or of the contract between White and

Waters, and the creation of a new contract between Wolf and the claimant as the basis of the lien, but was offered simply for the purpose of showing a waiver of the provisions of the old contract against liens. This is shown by the offer itself and is expressly conceded by the plaintiff's counsel in their supplemental printed argument. Any other position would be inconsistent with the mechanic's lien as filed, and with the cause of action set forth in the original statement.

The case stands then as it stood at the outset; the plaintiff, as a subcontractor of White, claims through and under the latter's contract with Wolf, and is bound by the provisions of that contract that no lien should be filed unless the evidence offered was sufficient to show a waiver thereof.

Briefly stated, the offer was to show that the plaintiff was about to quit work under his subcontract with White, because the latter was in default in his payments, and that he was induced to go on with his contract to completion by the assurance of Wolf, the owner, that he, Wolf, "had reserved in cash, and was holding back enough of the contract price of said building to pay plaintiff in full, and to pay all the subcontractors, and that he, Wolf, would himself pay plaintiff for such work." Waiver is usually a question of intent; but by "intent" is meant not the secret understanding of the parties, but their intention as indicated by their language and conduct: West v. Platt, 127 Mass. 372; Farlow v. Ellis, 15 Gray, 231.

The principles applicable to the question before us are thus clearly stated by Chief Justice SHAW in the last cited case. "Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by express declarations, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intent and purpose to waive. Still, voluntary choice not to claim is of the essence of waiver and not mere negligence; though from such negligence unexplained such intention may be inferred."

What, then, is there in the language said to have been used by Wolf, the owner of the building, which indicated an intention to waive the stipulation of his contract against liens, or

which would create a reasonable belief in the mind of an ordinarily prudent man, affected with notice of the provision, that such was his intention? Concede, for the sake of argument, that he could waive it without the consent of the contractor, what more can be implied from his language than was expressly stated, namely, a promise to make the debt of the contractor to the plaintiff his own, and to pay the same out of a fund which he had retained for the purpose?

The very earnest and able argument of the appellant's counsel has failed to convince us that any other intention on the part of the owner, or understanding and belief on the part of the plaintiff, could fairly be inferred from the facts stated in the offer. The owner might well assume such a personal liability for the debt of the principal contractor without intending to pledge the building as security also. His promise to pay a subcontractor—and as we have shown the plaintiff has taken that position by his pleadings—if he will not abandon his contract is entirely consistent with an intention not to relinquish any right under the contract against liens.

The specifications of error are overruled and the judgment is affirmed.