# Spring Brook Lumber Company, Appellant, *v.* Watkins.

*Mechanics' liens—Contract—Covenant against liens—Waiver of covenant.*

A building contract containing a covenant against liens was filed in the office of the prothonotary. After this was done the contractors ordered of the plaintiff certain material, and one load was delivered, when the plaintiff discovered that the contract containing the covenant against liens had been filed, and thereupon refused to furnish further material. The plaintiff also notified the owner that the material would not be furnished to the contractors. Plaintiff offered testimony which tended to show that the defendant entered into an agreement with the plaintiff that the latter should furnish the material as ordered by the contractors, and charge it to the defendant "on the credit of the building." The plaintiff furnished the material, which was used in the building. It was charged to the defendant, and a lien was filed for the balance unpaid. *Held*, that the testimony offered by plaintiff, if true, established a new independent contract in the nature of an original undertaking, and that it was for the jury to determine upon the conflicting evidence whether such a new contract had been made.

The power of an owner to make contracts is not exhausted when he has with one party entered into an agreement which contains a covenant against liens; he may make new contracts with other parties and if he does, so he may be called upon to perform.

Argued Jan. 20, 1904. Appeal, No. 57, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T.,

1900, No. 775, on verdict for defendant in case of Spring Brook Lumber Company v. James E. Watkins. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Scire facias sur mechanic's lien. Before WEAND, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. W. Carpenter*, with him *Thomas F. Wells*, for appellant.— This case is controlled by Camden Wood Turning Company v. Malcolm, 190 Pa. 62.

The agreement between the lumber company and Watkins, followed by the delivery of lumber on the strength of it, created a personal obligation which was sufficient to support an action of assumpsit. But it was more—it was a distinct pledge of the building as security for the lumber.

And the plaintiff did charge to him such lumber as was furnished after that. And having so furnished it, and it having been used in the construction of the building, the presumption is that it was furnished on the credit of it : Hommel v. Lewis, 104 Pa. 465 ; Noar v. Gill, 111 Pa. 488.

Where a party to a contract or transaction induces another to act upon the reasonable belief that he will waive certain rights or terms, he will be estopped to insist upon such rights or terms, to the injury of the one misled by his conduct : Waters v. Wolf, 2 Pa. Superior Ct. 200.

Upon the question of naming the contractors, it has been decided that even in case of a contract for the erection of a building, where the materials furnished were, by the direction of the owner, charged to a firm as contractors, but who it was disclosed by the evidence were not actually contractors, that the lien was properly filed omitting the alleged contractors and naming the owner as such : Herbert v. Patterson, 13 W. N. C. 126.

*M. J. Martin,* of *O'Brien & Martin,* for appellee.—This is not a case where the contractor was unable or unwilling to complete his contract as stated by the court below, nor is it a case of insolvent contractor as appears in the case of Camden Wood Turning Company v. Malcolm, 190 Pa. 62, cited by the appellant.

We submit that McCay's App., 37 Pa. 125, governs this case.

OPINION BY PORTER, J., October 17, 1904:

The defendant entered into a written contract with Saar & Rosser, builders, to furnish the material for and construct a house upon land of which he was the owner.  The contract contained a stipulation against liens, and was duly filed in the office of the prothonotary.  Saar & Rosser ordered of the plaintiff company certain material, and one load of lumber was delivered, when the officers of the company discovered that the contract containing the stipulation against the filing of liens had been filed, and thereupon refused to furnish further materials.  The officers of the plaintiff company notified the defendant, the owner, that they would not furnish to Saar & Rosser the material necessary for the construction of the building.  The plaintiff offered testimony which if believed established that the defendant entered into an agreement with the representatives of the plaintiff that the latter should furnish the material for the construction of the building, as ordered by Saar & Rosser, and charge it to him, the defendant, " on the credit of the building."  The plaintiff company furnished material, as ordered from time to time, which was actually used in the construction of the building, which they charged to the defendant, and for the balance remaining unpaid upon which they filed this lien.  The learned judge of the court below was of opinion that the agreement between the plaintiff and the defendant did not constitute a new contract, nor was it a sufficient waiver of the covenant against liens contained in the contract between the defendant and Saar & Rosser, and accordingly gave binding instructions to the jury to find a verdict in favor of the defendant.  The plaintiff appeals and assigns for error this instruction of the court.

The testimony produced by the plaintiff, if true, established a new and independent contract.  It was not an agreement to

pay the debt of Saar & Rosser, or to pay in case the principal contractors failed to do so, but a direct, original undertaking, that the material should be furnished upon the sole credit of the owner and the building. It was not dependent upon the state of the accounts between the defendant and Saar & Rosser. True it is that Saar & Rosser were to designate the materials to be furnished, but in doing so they were acting as the agents of the owner, expressly so constituted by the agreement into which the latter had entered with this plaintiff. The defendant may in the making of this contract have done something which would tend to create confusion in his accounts when it came to settling with Saar & Rosser, but he was competent to act for himself and had full power to make the contract which the witnesses called by the plaintiff testified that he entered into. The testimony was conflicting but it was on each side direct, clear and positive, and the disputed question of fact was for the jury to determine. The testimony produced by the plaintiff established a contract to which Saar & Rosser were not parties; if that testimony is true there was no contractual relation between that firm and this plaintiff, and the defendant was so far as this plaintiff was concerned both owner of and contractor for the building. This being the case, there was no necessity for a waiver, by the defendant, of the protection of any covenant against liens, for no such covenant having any connection with the new contract was in existence. The power of an owner to make contracts is not exhausted when he has with one party entered into an agreement which contains a covenant against liens; he may make new contracts with other parties, and if he does so may be called upon to perform. The reasoning in the opinion of President Judge Rice, in Waters v. Wolf, 2 Pa. Superior Ct. 200, leads to the conclusion that the present case ought to have been submitted to the jury, and the questions here involved were, by the Supreme Court, directly determined in accordance with the contention of the appellant in Camden Wood Turning Company v. Malcolm, 190 Pa. 62. The weight of the evidence may have been in favor of the defendant, but it was for the jury to pass upon the conflicting testimony.

The judgment is reversed and a venire facias de novo awarded.