# Commonwealth, ex rel., *v.* Repp, Appellant.

*Boroughs—Borough councils—Legislative acts—Tax levy—Ordinances—Submission to burgess.*

1. A motion passed by a borough council fixing a tax levy for the year, is legislative in character, and will be inoperative unless submitted to the burgess for his approval or disapproval.

2. The proper basis of valuation for a tax levy by a borough council under the Act of May 11, 1901, P. L. 152, providing that a borough council shall have power to levy and collect annually, for general borough purposes, any tax not exceeding one cent on the dollar, on the valuation assessed for county purposes, is the

valuation for county purposes of the preceding year, as adjusted in the year when the levy is made.

3. An ordinance of a borough council fixing a tax levy for the current year, when duly passed and submitted to the burgess for his approval or disapproval, will take effect if not returned by the burgess to the borough council at its next regular meeting, after the submission of such ordinance to the burgess.

*Burgesses—Ministerial duties—Performance—Mandamus.*

4. The duty of a burgess to sign a tax warrant for the collection of a tax levied by a valid borough ordinance, is ministerial in character, and the performance thereof may be compelled by mandamus.

Submitted May 28, 1913. Appeal, No. 178, Jan. T., 1913, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1912, No. 378, awarding mandamus in the case of Commonwealth of Pennsylvania, ex rel. Joseph O'Brien, District Attorney of Lackawanna County, v. William Repp, Burgess of the Borough of Old Forge. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus to compel a burgess to sign a tax warrant for the collection of a tax levied by a borough ordinance.

EDWARDS, P. J., filed the following findings of fact and conclusions of law:

This case was submitted to us for trial without a jury. The evidence was heard on the pleadings as they were before us at that time, that is, on the petition, answer and replication. After the evidence was closed and before a decision was rendered, the solicitor for the plaintiff presented a petition praying that the case be reopened for the purpose of offering additional evidence. The new evidence consisted of a ratifying ordinance passed by the borough council on June 15, 1912, a few days after the case was ended. Having the power to do so, and deeming the application to re-open meritorious in the interests of justice and the fair determination

of the controversy between the parties, we ordered the case re-opened; and the additional evidence, with the original, is now before us for consideration. Therefore, from the pleadings, and all the evidence in the case, we find specifically the following findings of fact:

1. The council of the Borough of Old Forge, on October 16, 1911, passed an ordinance appropriating about $30,000 for the purpose of defraying the expenses of the borough government for the year 1911. There was nothing in the ordinance as to the amount of the tax levy.

2. On November 13, 1911, the following motion was adopted by the council: "On motion of Mr. Sowden, seconded by Mr. W. Jones, we adopt a five mill tax levy for 1911 on the high assessment." This motion or resolution was not submitted to the burgess for his approval or disapproval.

3. The council, on June 15, 1912, passed another ordinance in which the ordinance of October 16, 1911, making the annual appropriation is recited and confirmed, and in which the tax levy of five mills theretofore levied is ratified. The burgess did not sign this ordinance; nor did he return it to the council at the next regular meeting thereof, with his approval or disapproval. The ordinance was recorded in the borough ordinance book.

4. The question of the indebtedness of the borough in 1911, in our judgment, is not material in the determination of the present controversy; but we find as a fact that on December 31, 1911, the net indebtedness of the borough, or the excess of its liabilities over its assets, was nearly $40,000. The appropriation ordinance of October 16, 1911, and the levy of five mills made by motion the month after, all of which being subsequently confirmed by the ratifying ordinance, relate only to the current annual expenses of the borough for the year 1911; and the material question arising from this phase of the case is the right of the council to levy five mills on "the valuation assessed for county purposes."

5. The year 1910 was the triennial year for county assessments. In that year the assessment was made on the full valuation basis, and it amounted to $6,187,045. A very large number of appeals followed, which occupied the attention of the court during the year 1910 and during the greater part of the year 1911. As finally adjusted the triennial assessment of 1910 was reduced to $4,355,270. The unadjusted valuation for the year 1911 was $1,247,130. At the time the levy of five mills was made the valuation for 1911 had not then been adjusted.

6. It is admitted, and it is so found, that the tax warrant was presented to the burgess for his signature, since the passage of the ratifying ordinance, and he refused to sign it.

### CONCLUSIONS OF LAW.

1. The motion of November 13, 1911, fixing a tax levy of five mills for the year 1911, was legislative in character, and should have been submitted to the burgess for his approval or disapproval.

This conclusion of law needs but little discussion in support of its soundness. The fixing of a tax levy is one of the highest functions of municipal government. The action of the council in levying a tax may be in the form of a motion or resolution; but in whatever form it may be, it has the effect of an ordinance and must be subjected to the legislative requirements relating to ordinances. The authorities are united on this question: Sower v. Philadelphia, 35 Pa. 231; Kepner v. Commonwealth, 40 Pa. 124; Waln v. Philadelphia, 99 Pa. 330; Howard v. Borough, 181 Pa. 191; Commonwealth v. Nat. Bank, 9 Pa. Superior Ct. 118, and Long v. Lemoyne Borough, 222 Pa. 311.

2. The burgess having failed to return the ratifying ordinance of June 15, 1912, at the next regular meeting of council after the ordinance had been presented to him, the said ordinance is in as full force and effect as if the

burgess had signed it; and the five mill levy for the year 1911 is legal.

As authority on this proposition we refer to the case of Millvale Borough, 162 Pa. 374.

3. The triennial assessment for the Borough of Old Forge for the year 1910, as adjusted in 1911, was the proper basis of the tax levy for the year 1911.

The Act of May 11, 1901, P. L. 152, provides that a borough council shall have the power to levy and collect annually, for general borough purposes, any tax not exceeding one cent on the dollar "on the valuation assessed for county purposes."

We are of the opinion that the defendant should have signed the tax warrant when it was presented to him.

The court awarded a writ of peremptory mandamus against the defendant. Defendant appealed.

*Errors assigned* were various rulings of the trial judge, and the judgment of the court.

*S. B. Price, C. B. Price* and *J. H. Price,* for appellant.

*John H. Bonner,* for appellee.

PER CURIAM, July 10, 1913:

The majority of the court are of opinion that the judgment should be affirmed on the findings of fact and conclusions of law by the learned president judge of the Common Pleas.

Judgment affirmed.