# Eddy *v*. Ashley Borough, Appellant.

*Equity—Equity practice—Pleadings—Decree.*

1. The relief given by a decree on a bill in equity must conform to the case as made out by the pleadings, and must be consistent with the relief prayed for.

*Public officers—Title to office—Quo warranto—Equity.*

2. Quo warranto and not bill in equity is the proper remedy to test title to office.

*Public officers—Borough solicitor—Boroughs—Resolution fixing salary—Approval by burgess—Acts of May 14, 1915, P. L. 312, and May 26, 1921, P. L. 1171.*

3. A resolution fixing the salary of a borough solicitor, adopted at an organization meeting of the borough council, must be submitted to the burgess for approval.

4. Such resolution is a purely legislative act, and as such must be approved by the burgess.

5. The sections of the General Borough Code of May 14, 1915, P. L. 312, and May 26, 1921, P. L. 1171, cannot be woven together so as to bring matters of salary within the things made obligatory at the organization of counsel, not requiring the burgess' approval.

6. Appointment of an officer is one thing, compensation quite another. Ordinarily the office does not exist without both, but the second is a purely legislative act requiring the approval of the burgess.

7. While the statute says the solicitor's compensation shall be fixed at the time of his appointment, this does not mean that his salary must be fixed at the meeting at which he is appointed; it may have been fixed by a prior council.

8. There is nothing in the borough code which limits the nature of the business to be transacted at the organization meeting; it may combine both legislative and ministerial acts.

9. The power of the burgess to veto is a power to exercise a separate and distinct function of government, and is not to be taken from him except by express legislative enactment or unless clearly inferred from the statute.

10. The fact that the burgess presides at an organization meeting, hears its resolution fixing a salary read, puts the motion for its adoption, declares it adopted, and signs the ordinance book, does not dispense with his approval, to constitute a valid borough enactment.

11. The burgess surrenders no part of the power vested in him as burgess while acting as president.

12. Ordinances which involve the expenditure of money relating to government welfare and the prosperity of the borough make the approval of the burgess a necessary part in passage.

13. Ordinances operating on matters concerning council alone or its members, relating to the detail work of municipal affairs, as distinguished from executive work, need not be presented to the burgess for approval.

14. Fixing a salary in a new department of a borough, is the creation of a continuing liability which the taxpayers must meet, and, as the exercise of an original governmental power outside of mere routine business, it must be approved by the burgess.

Argued April 14, 1924. Appeal, No. 95, Jan. T., 1924, by defendants, from decree of C. P. Luzerne Co., May T., 1922, No. 1, on bill in equity, in case of William J. Eddy et al. v. Ashley Borough et al., members of the Town Council of the Borough of Ashley, and the First National Bank of Ashley, Treasurer of the Borough of Ashley, Charles E. Keck et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed in part.

Bill for injunction. Before WOODWARD, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiffs. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*W. A. Valentine,* with him *Charles E. Keck,* for appellants.—The action of the borough council fixing the salary of solicitor was not subject to the approval or disapproval of the burgess: Com. v. Heinze, 43 Pa. C. C. R. 222; Seitzinger v. Electric Co., 187 Pa. 539; Walsh v. Boro., 13 N. L. R. 66; Ulrich v. Boro., 53 Pa. Superior Ct. 246.

The injunction restraining payment of salary or compensation to the borough engineers was improperly

granted: Luther v. Luther, 216 Pa. 1; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Reilly v. Magee, 272 Pa. 406.

*Richard B. Sheridan,* with him *Michael F. McDonald,* for appellee, cited: Kepner v. Com., 40 Pa. 124; O'Mara v. Boro., 15 Luz. Leg. Reg. 477; Jones v. Light Co., 202 Pa. 164; Long v. Boro., 222 Pa. 311; Galloway v. Gilmour, 5 Pa. Dist. R. 553; Com. ex rel. v. Repp, 242 Pa. 240; Neuberger v. Shigo, 17 Luz. Leg. Reg. 36.

OPINION BY MR. JUSTICE KEPHART, May 19, 1924:

William J. Eddy, for himself and other taxpayers of the Borough of Ashley, filed a taxpayer's bill against the borough officials to test the title to office and to restrain the payment of salaries of the chief of police, other policemen, and the solicitor, and also to oust the borough engineers. The court declared the title of all the respondents good, but enjoined the payment of compensation to the solicitor and borough engineers, from which decree this appeal is taken.

The bill averred the borough engineers were illegally appointed, but it did not challenge their salaries nor did the prayer ask for relief as to its payment. The relief given by a decree must conform to the case as made out by the pleadings, and must be consistent with the relief prayed for: Luther v. Luther, 216 Pa. 1; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Reilly v. Magee, 272 Pa. 406. Quo warranto is the proper remedy to test the title to office. Authorities in support of this need not be cited. The court below was without jurisdiction to entertain the complaint against the engineers, and the assignments directed to this part of the decree are sustained.

The remaining question is whether a resolution fixing the salary of a borough solicitor, adopted at an organization meeting of council, must be submitted to the burgess for approval. The meeting was held the first

Monday of January, at which time the solicitor was appointed and his salary fixed. Section 1, article I, chapter VII, of the General Borough Act, 1915, P. L. 312, 390, provides, "The borough council shall organize......on the first Monday of January......by electing a president and secretary and such other officers as it may require." Section 3: "The burgess shall preside over the organization meeting......but he shall not vote thereat, unless the vote of the council be equally divided." Section 9, article VI (P. L. 402): "The borough council on the first Monday of January......or as soon thereafter as practicable, may elect......one person, learned in the law, who shall be styled the borough solicitor." The amendment of 1921, P. L. 1171, provides: "Appointed officers of the borough shall receive such compensation for their services as the council shall prescribe, and the compensation for......the solicitor......shall be fixed at the time of appointment."

It is contended that, as the statute provides for nothing but an organization meeting to be held on the first Monday, so that the borough may properly function, nothing is contemplated but ministerial acts, such as the appointment or election of officers and fixing salaries. As the act requires the burgess to preside at the meeting, his functioning as presiding officer is a substitute for the approval or veto power, precluding the idea that the legislature intended any further exercise of such authority over acts of council taken while he is presiding.

This is true as far as it appertains to all matters of a purely organization character. The borough council is the delegated authority to create the office of solicitor and to appoint a person to fill the position. The act requires the amount of compensation be fixed at the time of appointment. This act is not mandatory, but permissive; the office may never become a part of the borough government, and, should it become one, the solicitor, by virtue of his powers and duties, is not an essential part of the borough organization. The sections of the Bor-

ough Code, with the amendments thereto, cannot be woven together so as to bring matters of salary within the things made obligatory at the organization of council, not requiring the burgess' approval, as the election of its president, secretary, etc.   Appointment is one thing, compensation quite another.   Ordinarily the office does not exist without both, but the second is a purely legislative act.   While the statute says the solicitor's compensation shall be fixed at the time of his appointment, this does not necessarily mean that his salary must be fixed at that meeting.   It may have been adopted by ordinance or resolution prior to his appointment, by a different council.   If that were the case, the amount of his compensation would be fixed at the time of his appointment, as required by the act.   Moreover, there is nothing in the code which limits the nature of business to be transacted at the organization meeting; it may combine both legislative and ministerial acts.

The burgess has defined duties and authority.   He is not only a part of the governing agency, but is the executive head.   As such he is vested with approval and veto power over ordinances and resolutions.   To veto is to exercise a separate and distinct function of government. The code, section 7 of article I of chapter VII (P. L. 392), states: "Every ordinance and resolution, except as herein otherwise provided, passed by the council, shall be presented to the burgess for his approval."   This authority is not to be taken from the burgess except by express legislative enactment or as clearly inferred from a statute; certainly not through a doubtful construction of various parts of the code.

The fact that the burgess presides at an organization meeting, hears the resolution fixing the salary read, puts the motion for its adoption, declares it adopted, and signs the ordinance book, does not dispense with his approval to constitute a valid borough enactment: 2 Dillon on Municipal Corporation (5th ed.) sec. 578.

The burgess surrenders no part of the power vested in him as burgess while acting president. There is nothing incongruous about this. The legislative requirement to preside was a safeguard against possible delay in the conduct of borough affairs through a tie vote in the organization of council.

It is urged that in any event council alone can fix the salary of the borough solicitor, or, as expressed in other words, To what extent must councilmanic action be brought to the burgess for approval? We cannot lay down a rule which will cover every situation with exactness. As stated by Mr. Justice FELL in Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164, 167, "Generally......permanent regulations for the government of the borough, the granting of privileges to occupy streets, and the creation of liability by contract," are held to be legislative acts requiring the signature of the burgess. "The transaction of current business, the ordinary administration of municipal affairs and the awarding of contracts which have been previously authorized" have been held to be matters not requiring approval. On the other hand, resolutions awarding contracts to light the streets of a municipality (Jones v. Schuylkill Light, Heat & Power Co., supra), to borrow money (Long v. Lemoyne Borough, 222 Pa. 311), and to fix a tax (Commonwealth v. Repp, 242 Pa. 240), require the approval of the burgess.

Ordinances which involve the expenditure of money relating to government welfare and the prosperity of the borough require the burgess a necessary part in passage: Kepner v. Com., 40 Pa. 124, 126. Ordinances operating on matters concerning council alone, or its members, relating to the detail work of municipal affairs, as distinguished from executive work, are matters which need not be presented to the burgess for approval. The employment of laborers in connection with a highway, the general upkeep of the streets, or the water system, or acts embodied under the term maintenance

of the departments or their physical structure, operated and conducted under borough ordinances and laws, are acts which are not legislative in their character. But a betterment, a new undertaking or an enlargement of any of these departments, or the creation of a new department, or any other act which may be considered an original exercise of governmental duty, power or obligation, requires the burgess's approval.

Fixing salary is the creation of a continuing liability in a new department of the city, which the taxpayers must meet; it cannot be considered as an incident to maintenance, upkeep or protection of any department of government; it is a new departure, an original undertaking or exercise of governmental power outside of mere routine business. As such, the resolution should have been submitted to the burgess for his approval.

The decree of the court below, as it relates to the borough engineers, is reversed, and so much of the bill appertaining to it is dismissed. The decree, as it relates to the payment of compensation to the solicitor, is affirmed, the costs of this appeal to be divided between appellee and appellant, the borough solicitor.