## Harvey v. Naugle, Treasurer.

BERKEY, P. J., Jan. 23, 1928.—The petitioner, Harvey Howard, entered the police service in the Borough of Hooversville during October or November of 1921. He has been in the service of the borough since the date of his original appointment. The last appointment by the Council of Hooversville Borough was made Jan. 4, 1926, the minute thereof being: "Howard Harvey was nominated and elected borough policeman by acclamation." May 16, 1927, the petitioner was suspended as policeman by action of the burgess. June 6th following the council reinstated him at a salary of $75 per month. In July the council took the following action: "Council by majority vote restored policeman's salary to $130.00 per month, same as before his suspension by the burgess." The next day the burgess again suspended the petitioner, and he was reinstated by the council Aug. 1st, and the "salary fixed at $130.00 per month, dating from Aug. 1st." Aug. 10th he was suspended again. The next monthly meeting of the council was held Sept. 6th; the minutes disclose the following: "The suspension notice of Howard Harvey, Borough Policeman, was read, and on motion of Tipton, seconded by Gindlesperger, policeman Harvey reinstated, and a new order covering his July and August salary

was authorized to be issued." The order for payment authorized by the council at the September meeting was issued in payment of the petitioner's services during the preceding October.

It is admitted upon the record by the petitioner "that no ordinance has been enacted, approved by the burgess and published as required by law, fixing the salary of the policeman." The petitioner presented his vouchers drawn by the borough officials to the borough treasurer, which the treasurer refused to honor and pay.

The material facts in the case are contained in the foregoing brief history thereof. The petitioner was awarded an alternative writ of mandamus on the relator. An answer was filed. The matter was heard by the court, when testimony was taken, the case argued by counsel, and is now before the court for opinion and decree.

The question for decision is whether the petitioner's claim for salary under these facts can be enforced against the Borough of Hooversville. The General Borough Act of May 14, 1915, P. L. 312, and its amendments, and the General Borough Act of May 4, 1927, P. L. 519, are controlling in the law of the case.

The petitioner was appointed under the Act of 1915 and its amendments. Section 14, article VI, chapter 7, provides: "Borough councils may appoint one or more suitable persons, citizens of this Commonwealth, as borough policemen." Paragraph 7, section 6, article I, chapter 7, authorizes the council "to fix the compensation of . . . the . . . and such other officers and employees as they may appoint." Section 1, article VI, chapter 7, reads: "Appointed officers of the borough shall receive such compensation for their services as the council shall prescribe." Section 17 of article VI, chapter 7, directs: "The borough police shall receive a stated salary to be fixed by ordinance."

The provisions quoted from the Act of 1915 have all been re-enacted in the General Borough Act of 1927, respectively, in sections 1125, 1006, paragraph 8, 1101 and 1128. The mandate of the Act of 1915, under which the petitioner was appointed, as well as the Act of 1927, under which this action was instituted, is that "the borough police shall receive a stated salary to be fixed by ordinance."

Ordinances which involve the expenditure of money relating to government, welfare and the prosperity of the borough require the burgess as a necessary party in passage: Kepner v. Com., 40 Pa. 124, 126. Ordinances operating on matters concerning council alone or its members, relating to the detail work of municipal affairs, as distinguished from executive work, are matters which need not be presented to the burgess for approval. The employment of the laborers in connection with a highway, the general upkeep of the streets, or the water system, or acts embodied under the term maintenance of the departments, of their physical structures, operated and conducted under borough ordinances and laws, are acts which are not legislative in their character. But a betterment, a new undertaking, or an enlargement of any of these departments, or the creation of a new department, or any other act which may be considered an original exercise of governmental duty, power or obligation, requires the burgess's approval.

"Fixing salary is the creation of a continuing liability in a new department of the city which the taxpayers must meet; it cannot be considered as an incident to maintenance, upkeep or protection of any department of government; it is a new departure, an original undertaking or exercise of governmental power outside of mere routine business. As such, the resolution

should have been submitted to the burgess for his approval:" Eddy v. Ashley Borough, 281 Pa. 4, 9, 10.

The borough council having failed to enact an ordinance at any time fixing a stated salary to be paid to the policeman, as provided by law, the Borough of Hooversville is not liable to the petitioner for the services rendered.

Now, Jan. 23, 1928, writ of peremptory mandamus refused.