## Dougherty v. Chromey et al.

*Anthony T. Walsh,* for plaintiff; *Frank L. Pinola,* for defendants.

VALENTINE, J., April 19, 1932.—This is a motion to continue a preliminary injunction restraining the payment of salaries of five special policemen of the Borough of Duryea.

At a meeting held on the first Monday of January, 1932, the members of council of said borough, upon motion duly carried, employed the five individuals as special policemen, and in the same manner fixed the salary of each at $25 per month. The resolution fixing the salary was not submitted to or approved by the burgess, although it was of such character as to require his approval: Eddy *v.* Ashley Borough, 281 Pa. 4.

The defendant officials seek to justify the payment of the designated salary to the special officers under an ordinance passed January 6, 1930, which provides, inter alia: "Special policemen, if any, shall receive a sum not exceeding $360 per annum, payable $30 per month." Even though this ordinance be deemed applicable to the present situation, its provisions do not conform to the requirements of section 1128 of The General Borough Act of May 4, 1927, P. L. 519, which provides:

"The borough police shall receive a stated salary to be fixed by ordinance, and it shall be unlawful for any borough policeman to charge or accept any fee or other compensation, in addition to his salary, for any service performed pertaining to his duties or office except public rewards and legal mileage allowed for traveling expenses."

The ordinance of January 6, 1930, does not fix the salary of special policemen. It merely designates the maximum amount that such officers shall receive. It does not specify a stated salary as required by section 1128 of The General Borough Act. It follows that the injunction should be continued.

Injunction heretofore granted is continued until further order of the court.

From Frank P. Slattery, Wilkes-Barre, Pa.