## Bangert v. Borough of Bridgeport

*Ralph J. Rinalducci* and *S. Thomas Bulfamonti*, for plaintiff.

*Fox & McTighe*, for defendant.

CORSON, J., January 26, 1937. — Plaintiff, a former police officer of defendant borough, brought the present suit to recover salary which he alleged to be due him from

the borough. Plaintiff was admittedly employed by the borough as a policeman at a certain salary. The amount of this salary was fixed by borough ordinance, and for some time plaintiff received this salary. During such employment the borough by resolution attempted to reduce and fix plaintiff's salary at a smaller figure than that fixed by ordinance. Plaintiff accepted checks for the reduced pay over a period of a year, and, after either resigning or being discharged, he brought suit for the difference between the reduced pay as received and the pay as fixed by the ordinance.

The jury returned a verdict in favor of plaintiff, and defendant has moved for a new trial and for judgment n. o. v.

At the argument before the court in banc, the motion for a new trial was not pressed, and defendant relied upon its remaining motion. Admittedly, council had the right to discharge plaintiff at any time that council saw fit, with or without assigning any cause.

It is the contention of plaintiff that his salary, having been fixed by ordinance, could not be reduced by resolution. This contention is based upon the provision of The General Borough Act of May 4, 1927, P. L. 519, sec. 1128, which provides:

"The borough police shall receive a stated salary to be fixed by ordinance, and it shall be unlawful for any borough policeman to charge or accept any fee or other compensation".

Since municipal corporations exist and derive their powers by statute and not at common law, such municipalities must exercise their powers in accordance with the statutes fixing their powers. While there seems to be no case exactly in point, yet several cases have construed the statute to mean that no salary can legally be paid to police officers unless such salaries have been fixed by ordinance, in accordance with the act: Eddy v. Ashley Borough, 281 Pa. 4; Harvey v. Naugle, 11 D. & C. 524; Dougherty v. Chromey et al., 18 D. & C. 246.

It seems to be commonly accepted as the law that an ordinance cannot be repealed or modified by a resolution or anything less than a later ordinance: 2 McQuillin, Municipal Corporations, sec. 705.

It would seem that we must sustain plaintiff's contention that the resolution attempting to change the ordinance was a nullity unless the facts are such as to warrant a finding as a matter of law that plaintiff waived any right to the pay as fixed by the ordinance, or acted in such a way as to estop him from claiming any rights to such pay.

Upon the question of waiver, which the trial judge allowed to go to the jury, defendant produced testimony to show that plaintiff, over the entire period from the date of the resolution until plaintiff severed his connection with the borough, received and endorsed the checks for the smaller salary fixed by resolution. None of these checks, however, had anything upon them to indicate that they were payments in full to the date the check was executed, or anything of a similar nature. Upon the other hand plaintiff produced testimony to show that he protested to the chairman of the police committee, who was, more or less, the contact man between the council and the police officers. Plaintiff alleged, and the chairman of the police committee admitted, such protest, and the statement by plaintiff that he could not get along on the reduced salary and that he would have to quit.

There is evidence to sustain a finding by the jury that the chairman of the police committee thereupon told plaintiff not to quit, that the resolution was illegal, or at least had no effect in reducing plaintiff's salary, and that upon this assurance plaintiff continued to work and accepted the pay checks in the lesser amount.

There is also some testimony that the borough solicitor advised plaintiff that the resolution was illegal and that he could recover his original salary from the borough. The illegality of the resolution, as affecting the ordinance, was admittedly called to the attention of council by the

chairman of the police committee and other members of council. Upon these facts we cannot say as a matter of law that there was a waiver and we must accept the jury's finding that plaintiff did not waive his right to the compensation as fixed by the ordinance.

Counsel for defendant relies upon the case of Wagoner v. Philadelphia, 215 Pa. 379. In that case, the court held that no contract relation was created by such ordinance and that the salary could be reduced without changing the ordinance; however, the salaries in question might have been fixed in many ways and no ordinance was required. The city went to unnecessary lengths in enacting an ordinance, and, since it had the right, either by itself or its proper departmental heads, to fix other salaries, the ordinance was not binding to the extent of preventing the city from reducing salaries without changing the ordinance. The distinction between the two cases seems to be that in the present case the only way in which defendant borough could fix the salaries of police officers was by ordinance.

Upon the second question of estoppel, raised by defendant, we feel that upon the facts such estoppel must not be declared as a matter of law. Defendant borough did not do any affirmative act to change the position as a result of any action of plaintiff. The most that can be said in favor of defendant's case upon the question of estoppel is that defendant, having the right to discharge plaintiff at any time, may have been lulled into security by plaintiff's actions, which thus caused defendant not to exercise its right to discharge plaintiff. The action of plaintiff in accepting the checks after protesting did not cause defendant to change its position in any way. Council, having been warned of the alleged ineffectiveness of the resolution, could easily have forced plaintiff to waive part of his salary as fixed by the ordinance or to be dismissed from the service. Council apparently did not see fit to execute the checks as payment in full for any certain period. Upon the questions of waiver and estoppel, see Dougherty,

Trustee, et al., v. Thomas, Exec., 313 Pa. 287; Waters v. Wolf, Executrix, 2 Pa. Superior Ct. 200, 207.

Upon the evidence we feel that neither waiver nor estoppel can be declared as a matter of law to sustain defendant's motion. We therefore enter the following

### Decree

And now, January 26, 1937, defendant's motions for judgment n. o. v. and for a new trial are refused, and the prothonotary is directed to enter judgment upon the verdict on payment of the verdict fee.

From Aaron S. Swartz, Jr., Norristown.